**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

ALLEGHENY WOOD PRODUCTS, INC.,    )
    )
            Plaintiff,    )
    )
        v.    )
    )   Civil Action No. 2:22-cv-07 (Kleeh)
UNITED STATES FISH AND WILDLIFE    )
SERVICE, et al.,    )
    )
            Defendants.    )
    )

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

Defendants United States Fish and Wildlife Service ("FWS"); Martha Williams, in her official capacity as Director of FWS; United States Department of the Interior ("Interior"); and Debra Haaland, in her official capacity as Secretary of the Interior, (collectively, "Defendants") respectfully submit this Memorandum in support of Defendants' Motion for Partial Dismissal.

## INTRODUCTION

At the crux of this case is FWS's recent determination that the draft habitat conservation plan submitted by Plaintiff Allegheny Wood Products, Inc. ("AWP") is incomplete due to certain specified deficiencies. This determination, which concludes the agency's processing of Plaintiff's application for an incidental take permit under the Endangered Species Act ("ESA"), is the subject of a merits challenge under the Administrative Procedure Act ("APA") in Plaintiff's Supplemental Complaint (Count I). Curiously, however, Plaintiff's Supplemental Complaint also includes an APA claim for unreasonable delay (Count II), faulting FWS for its alleged inaction in responding to Plaintiff's application – even though Plaintiff acknowledges that FWS has already responded to AWP's application materials and concluded the application process. That is, Plaintiff presses the contradictory position that FWS failed to respond to Plaintiff's application while simultaneously challenging FWS's response to Plaintiff's application.

This obvious contradiction is resolvable on mootness grounds. Where intervening events outrun a particular controversy such that a court can grant no meaningful relief, the claim must be dismissed as moot. That is exactly the case here. Because FWS has already taken action to respond to AWP's application and thus provided Plaintiff with the relief that it sought for FWS's purported unreasonable delay, there is no longer any meaningful relief for this Court to grant with respect to

FWS's alleged inaction.  Accordingly, for these reasons, and as discussed further *infra*, Plaintiff's unreasonable delay claim (Count II) should be dismissed as moot.[1]

## LEGAL BACKGROUND

Congress enacted the ESA "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species."  16 U.S.C. § 1531(b).[2] As relevant here, ESA Section 4 directs the Secretaries of the Interior and Commerce to determine whether a particular species should be listed as "endangered" or "threatened," *id*. § 1533(a)(1), and to designate "critical habitat" for listed species, *id*. § 1533(a)(3)(A)(i).[3]

Additionally, ESA Section 9 prohibits the unauthorized "take" of an endangered species. *Id*. § 1538(a)(1)(B).  FWS has extended that prohibition to threatened species.  *See* 50 C.F.R. § 17.31(a).  "The term 'take' means to harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct."  16 U.S.C. § 1532(19).  FWS has further defined the term "harm" to include "significant habitat modification or degradation" that "actually kills or injures wildlife."  50 C.F.R. § 17.3.

Although take is generally prohibited, ESA Section 10 provides an exemption from the

---

[1]  Because Defendants move for the dismissal of Count II, no answer is required as to Count I until the Court resolves Defendants' Motion for Partial Dismissal.  *See, e.g.*, *Justice v. Dimon*, No. 3:10-cv-413, 2011 WL 2183146, at *2 (W.D.N.C. June 6, 2011) (explaining that "the rules contemplate that any motion under Rule 12, whether it is to dismiss the entire [c]omplaint or only portions of the [c]omplaint, suspends the time . . . to respond to the remainder of the [c]omplaint").

[2]  The ESA defines an "endangered species" as "any species which is in danger of extinction throughout all or a significant portion of its range," *id*. § 1532(6), and a "threatened species" as one "which is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range," *id*. § 1532(20).

[3]  The Secretary of the Interior ("Secretary"), acting through FWS, is generally responsible for all terrestrial and freshwater species, including the species at issue here.

take prohibition for "incidental" take, *i.e.*, a taking that "is incidental to, and not the purpose of, the carrying out of an otherwise lawful activity." 16 U.S.C. § 1539(a)(1)(B).  An applicant seeking an incidental take permit ("ITP") must submit a habitat conservation plan ("HCP") that specifies:

> (i) the impact which will likely result from such taking;
> (ii) what steps the applicant will take to minimize and mitigate such impacts, and the funding that will be available to implement such steps;
> (iii) what alternative actions to such taking the applicant considered and the reasons why such alternatives are not being utilized; and
> (iv) such other measures that the Secretary may require as being necessary or appropriate for purposes of the plan.

*Id*. § 1539(a)(2)(A); *see also* 50 C.F.R. §§ 17.22(b)(1), 17.32(b)(1).  Upon receipt of a complete application package, FWS publishes notice in the Federal Register and provides the public with 30 days to comment on whether the ITP should issue.  *See* 16 U.S.C. § 1539(a)(2)(B); 50 C.F.R. §§ 17.22, 17.32(b)(1)(ii).

> After evaluation of this information, if FWS finds that:

> (i) the taking will be incidental;
> (ii) the applicant will, to the maximum extent practicable, minimize and mitigate the impacts of such taking;
> (iii) the applicant will ensure that adequate funding for the plan will be provided;
> (iv) the taking will not appreciably reduce the likelihood of the survival and recovery of the species in the wild; and
> (v) the measures, if any, required under subparagraph (A)(iv) will be met;

then "the Secretary shall issue the permit."  16 U.S.C. § 1539(a)(2)(B).

## FACTUAL BACKGROUND

On June 1, 2022, Plaintiff filed its original Complaint, asserting a violation of the APA in connection with FWS's alleged unreasonable delay in responding to Plaintiff's application for an ITP under ESA Section 10(a)(1)(B).  *See* Dkt. 1 ("Compl.").  Plaintiff alleged, *inter alia*, that FWS "refused to process AWP's ITP application . . . or, at a minimum, [had] unreasonably delayed the processing of the application."  *Id*. ¶45.  Further, Plaintiff requested that the Court "[i]ssue [a]

declaratory judgment . . . that Defendants inaction constitutes 'agency action unlawfully withheld or unreasonably delayed' under the APA" and "direct[] Defendants to provide dates by which they will conclude their review and resolve the outstanding application."  *Id*. at 14.  On August 22, 2022, Defendants filed their answer to Plaintiff's Complaint.  *See* Dkt. 10.  A week later, the parties jointly filed a meeting report and proposed schedule.  *See* Dkt. 11.  As relevant here, Defendants also noted in the meeting report that FWS expected to provide its response to AWP's application materials no later than October 17, 2022 and the agency anticipated that its response would likely resolve Plaintiff's unreasonable delay claim.  *See id*. at 2.

Consistent with this timeline, FWS provided its response to AWP's application materials on October 17, 2022.  *See* Dkt. 13; Dkt. 13-1 ("FWS's Response").  Responding to AWP's specific request that the agency issue a determination on AWP's application based on the latest draft HCP, *id.* at 1, FWS determined that the draft HCP was "incomplete" due to certain "deficiencies" related to AWP's description of the covered activities and its accounting as to the potential take of seven species that may be affected by the covered activities.  *Id*. at 7; *see also id.* at 4-7.  FWS therefore notified AWP that the agency was "taking the final action of deeming the Draft HCP incomplete and will cease processing the application, because AWP indicated . . . that the Draft HCP would be the final HCP submitted" and "therefore concluding th[e] ITP application process with AWP." *Id*. at 7.

On November 28, 2022, Plaintiff filed its Supplemental Complaint, alleging both a merits challenge to FWS's Response under the APA (Count I) and a separate APA claim for unreasonable delay based on FWS's alleged inaction (Count II).  Dkt. 16 ("Suppl. Compl.") ¶¶45-53.  Plaintiff's most recent unreasonable delay claim is identical to its prior unreasonable delay claim.  *Compare* Compl. ¶¶43-46 *with* Suppl. Compl. ¶¶50-53.  Likewise, as with its prior unreasonable delay claim,

Plaintiff requests that the Court issue an order directing FWS to "conclude [its] review and resolve the outstanding application."  Suppl. Compl. at 15.[4]

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994), and thus subject matter jurisdiction must "be established as a threshold matter."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *see also* Fed. R. Civ. P. 12(h)(3) (directing that "the court must dismiss the action" "[i]f the court determines at any time that it lacks subject-matter jurisdiction").  It is a plaintiff's burden to establish that the court has jurisdiction.  *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  As relevant here, the existence of subject matter jurisdiction may be challenged where a "complaint simply fails to allege facts upon which subject matter jurisdiction can be based."  *Adams*, 697 F.2d at 1219.  In such facial challenges to jurisdiction, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration."  *Id*. (footnote omitted).

## ARGUMENT

Courts lack jurisdiction "to give opinions upon moot questions."  *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (citation omitted).  A claim therefore must present "an actual controversy . . . at all stages of review, not merely at the time the complaint is filed."  *Genesis HealthCare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting *Arizonans for Off. Eng. v.*

---

[4]  The current deadline for Defendants to lodge the administrative record is January 9, 2023.  *See* Dkt. 15.  Although FWS is compiling an administrative record that is responsive to both claims, the Court's resolution of Defendants' Motion for Partial Dismissal will likely resolve, narrow, or clarify the proper scope of the administrative record.

*Arizona*, 520 U.S. 43, 67 (1997)); *see also Stop Reckless Econ. Instability Caused by Democrats v. Fed. Election Comm'n*, 814 F.3d 221, 229 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 375 (2016). Hence, "[i]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis HealthCare Corp.*, 133 S. Ct. at 1528 (citation omitted); *see also Ross v. Reed*, 719 F.2d 689, 693-94 (4th Cir. 1983) (emphasizing that "courts are powerless to decide the questions presented" "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit"). A claim is rendered moot "and thus deprives federal courts of subject matter jurisdiction, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016) (citation and internal quotation marks omitted). For instance, "one such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (citation omitted); *see also 4 Suns Ranch, LLC v. Buckeye Oil Producing Co.*, No. 5:12-cv-110, 2014 WL 1017907, at *8 (N.D. W.Va. Mar. 17, 2014) (noting that "a claim becomes moot when 'the claimant receives the relief he or she sought to obtain through the claim'") (quoting *Friedman's, Inc.*, 290 F.3d at 197).

Such is the case here. As AWP acknowledges, it is within FWS's discretion to determine "how [it] resolve[s] an ITP application." Suppl. Compl. ¶50 (emphasis in original). In this case, FWS has already responded to AWP's application materials and has concluded the application process based on an incomplete draft HCP. *Id*. ¶46 (alleging the agency's "rejection of the latest HCP . . . constitutes de facto denial of the application and final agency action"); *see also* FWS's Response at 7 (finding AWP's draft HCP to be "incomplete" based on specified "deficiencies"

and "concluding th[e] ITP application process with AWP").  Consequently, Plaintiff's challenge to FWS's alleged "inaction" in processing AWP's application, Suppl. Compl. ¶53, is now moot, because the agency has taken action to resolve the application and Plaintiff therefore has already "receive[d] the relief [it] sought to obtain through the claim." *Friedman's, Inc*, 290 F.3d at 197 (citation omitted); *see also Gonzalez v. Mayorkas*, No. 1:13-cv-1230-TSE, 2014 WL 585863, at *6 (E.D. Va. Feb. 12, 2014) (dismissing petition for mandamus as moot because the agency "has already administratively closed and dismissed [plaintiff's] application"), *aff'd*, 585 Fed. Appx. 130 (4th Cir. 2014).[5]

Stated differently, the relief that Plaintiff seeks for FWS's purported unreasonable delay – an order directing FWS to "conclude [its] review and resolve the outstanding application," Suppl. Compl. at 15 – has already been provided by FWS via its response to AWP's application materials. *See* FWS's Response at 7 (stating that FWS "is taking the final action of deeming the Draft HCP incomplete" and "concluding th[e] ITP application process with AWP").[6]  As a result, "[t]here is

---

[5] Nor could the Court grant Plaintiff's related request for a "declaratory judgment that . . . [FWS's alleged] inaction constitutes 'agency action unlawfully withheld or unreasonably delayed' under the APA.'" Suppl. Compl. at 15.  Requests for declaratory relief are not justiciable in the absence of "an actual controversy under Article III of the Constitution." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co*., 386 F.3d 581, 592 (4th Cir. 2004) (citation omitted).  Here, there is no longer any "actual controversy" that would warrant declaratory relief. *Id.* (citation omitted).  Declaratory relief in this instance would also constitute an impermissible advisory opinion and run afoul of the Fourth Circuit's admonition that a court "may only 'decide cases that matter in the real world'" in spite of a party's "desire that [the court] 'render an opinion to satisfy their demand for vindication or curiosity about who's in the right and who's in the wrong.'"  *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010) (quoting *Wyoming v. U.S. Dep't of Interior*, 587 F.3d 1245, 1250 (10th Cir. 2009)).

[6] Insofar as Plaintiff appears to suggest that the appropriate remedy for its unreasonable delay claim would be a particular substantive outcome for FWS's resolution of AWP's application, *see* Suppl. Compl. at 16 (requesting the court retain jurisdiction "until final agency disposition of the pending application as a whole"), such relief is not permissible under the APA. *See, e.g., Zevallos v. Obama*, 10 F.Supp.3d 111, 123 (D.D.C. 2014) (noting that "[a]ll this [c]ourt can do is 'compel agency action . . . unreasonably delayed,' *i.e.*, compel [the agency] to issue a decision – which it has already done") (quoting 5 U.S.C. § 706(1)) (emphasis in original).

no point in [the Court] ordering the FWS to perform an act that has already occurred." *Lone Rock Timber Co. v. U.S. Dep't of Interior*, 842 F.Supp. 433, 438 (D. Or. 1994) (dismissing unreasonable delay claims as moot because the allegedly delayed biological "opinions have now been issued"). Accordingly, because there is no longer any meaningful relief for this Court to grant with respect to FWS's alleged "inaction," Suppl. Compl. ¶53, Plaintiff's unreasonable delay claim should be dismissed as moot. *See, e.g.*, *Small Bus. in Transp. Coal. v. U.S. Dep't of Transp.*, No. 20-cv-883 (CKK), 2021 WL 4399581, at *11 (D.D.C. Sept. 27, 2021) (dismissing unreasonable delay claims as moot because the agency "has already taken the action [p]laintiffs seek" such that "there is no meaningful relief that the [c]ourt could grant . . . in relation to these exemption applications"); *Zevallos*, 10 F.Supp.3d at 123 (dismissing unreasonable delay claim as moot where the agency had already "issued its decision regarding [plaintiff's] designation" even though it was "not the result [plaintiff] hoped for, [since] it is still a decision"); *Mohammed v. Holder*, 695 F.Supp.2d 284, 289 (E.D. Va. 2010) (dismissing petition for mandamus writ based on unreasonable delay as moot where the agency had "already adjudicated petitioner's application for adjustment of status to the extent permissible" and "administratively closed" the application); *Ctr. for Biological Diversity v. Kempthorne*, 498 F.Supp.2d 293, 297 (D.D.C. 2007) (dismissing unreasonable delay claim as moot because "the complaint seeks a decision regarding plaintiff's petition" and the agency's response "is exactly what plaintiff requested in its complaint[:]  a final, judicially-reviewable decision on plaintiff's petition").[7]

---

[7] There are exceptions to the mootness doctrine, *see Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 162-66 (4th Cir. 2021) (addressing "the 'voluntary cessation' exception and the exception for 'wrongs capable of repetition yet evading review'" and finding neither applicable), but no such exception applies here.  Nothing precludes Plaintiff from bringing a new claim alleging unreasonable delay if Plaintiff resubmits a complete application and FWS does not respond within a reasonable period of time, but the mootness exceptions "do[] not permit the adjudication of <u>one</u>

# CONCLUSION

For all of these reasons, Defendants' Motion for Partial Dismissal should be granted, and

Plaintiff's unreasonable delay claim (Count II) should be dismissed as moot.[8]

Dated:  December 15, 2022                          Respectfully submitted,

                                                   WILLIAM J. IHLENFELD, II
                                                   United States Attorney


                                                   */s/ Maximillian F. Nogay*
                                                   MAXIMILLIAN F. NOGAY
                                                   Assistant United States Attorney
                                                   (WV Bar No. 13445)
                                                   United States Attorney's Office
                                                   1125 Chapline Street, Suite 3000
                                                   P.O. Box 591
                                                   Wheeling, WV 26003
                                                   Tel: (304) 234-0100
                                                   E-mail: max.nogay@usdoj.gov

                                                   ERIN K. REISENWEBER
                                                   Assistant United States Attorney
                                                   (WV Bar No. 9537)
                                                   United States Attorney's Office
                                                   217 West King Street, Suite 400
                                                   Martinsburg, WV 25401
                                                   Tel: (304) 262-0590
                                                   E-mail: erin.reisenweber@usdoj.gov


                                                   TODD KIM
                                                   Assistant Attorney General
                                                   S. JAY GOVINDAN
                                                   Section Chief

---

otherwise-moot case in anticipation of a <u>different</u> live one." *Planned Parenthood of Wis., Inc. v. Azar*, 942 F.3d 512, 517 (D.C. Cir. 2019) (emphasis in original).

[8] Because Plaintiff's unreasonable delay claim is moot, it should be dismissed with prejudice. *See AT&T Corp. v. Fed. Commc'ns Comm'n*, 317 F.3d 227, 238 (D.C. Cir. 2003) ("We simply do not know what it means to dismiss a claim 'as moot, without prejudice.'  If a claim is moot, then it cannot be refiled; if a claim is dismissed without prejudice, then it can be refiled.  So which is it?"); *see also Bloch v. Exec. Off. of the President*, 164 F.Supp.3d 841, 852 (E.D. Va. 2016) (dismissing mooted claim with prejudice).

BRIDGET KENNEDY MCNEIL
Assistant Section Chief


*/s/ H. Hubert Yang*
H. HUBERT YANG
Senior Trial Attorney (WV Bar No. 8953
(inactive); DC Bar No. 491308)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0209
E-mail: hubert.yang@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2022, I electronically filed the foregoing

Memorandum in Support of Defendants' Motion for Partial Dismissal with the Clerk of the Court

using the CM/ECF system, which will send notification of this filing to the attorneys of record.

/s/ Maximillian F. Nogay
MAXIMILLIAN F. NOGAY
Assistant United States Attorney
(WV Bar No. 13445)
United States Attorney's Office
1125 Chapline Street, Suite 3000
P.O. Box 591
Wheeling, WV 26003
Tel: (304) 234-0100
E-mail: max.nogay@usdoj.gov

*Attorney for Defendants*