IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

| | |
|---|---|
| ALLEGHENY WOOD PRODUCTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 2:22-cv-07 (Kleeh) |
| UNITED STATES FISH AND WILDLIFE SERVICE, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO
PLAINTIFF'S SECOND SUPPLEMENTAL COMPLAINT**

Defendants United States Fish and Wildlife Service ("FWS"); Martha Williams, in her official capacity as Director of FWS; United States Department of the Interior ("Interior"); and Debra Haaland, in her official capacity as Secretary of the Interior (collectively, "Defendants"), by and through their undersigned counsel, hereby answer Plaintiff's Second Supplemental Complaint ("Second Supplemental Complaint"), Docket ("Dkt.") 25, filed on January 6, 2023, as follows:

**NATURE OF ACTION**

1. Responding to the allegations in the first sentence of Paragraph 1, Defendants admit that Plaintiff submitted an application package for an incidental take permit pursuant to Section 10(a)(1)(B) of the Endangered Species Act ("ESA"). Responding to the allegations in the second sentence of Paragraph 1, Defendants aver that FWS provided its response to Plaintiff's application package for an incidental take permit on October 17, 2022, and Plaintiff's application has been resolved by FWS's response. The remaining allegations in Paragraph 1 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the

1

extent a response is required, the remaining allegations in Paragraph 1 are denied.

## PARTIES, JURISDICTION, AND VENUE

2. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 and, on that basis, deny the allegations.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants admit the allegations in Paragraph 4.

5. The allegations in Paragraph 5 constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 5 are denied.

6. The allegations in the first sentence of Paragraph 6 constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations in the first sentence of Paragraph 6 are denied. Defendants admit the allegations in the second sentence of Paragraph 6.

7. The allegations in Paragraph 7 constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 7 are denied.

## APPLICATION PROCESS

8. The allegations in Paragraph 8 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

9. The allegations in the first and second sentences of Paragraph 9 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context. The allegations in the third sentence of Paragraph 9 constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations in the third sentence of

Paragraph 9 are denied.

10. The allegations in Paragraph 10 purport to characterize the Habitat Conservation Planning and Incidental Take Permit Processing Handbook ("HCP Handbook"), a document jointly issued by FWS and the National Marine Fisheries Service that speaks for itself and provides the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

11. The allegations in Paragraph 11 purport to characterize the HCP Handbook, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

12. The allegations in Paragraph 12 purport to characterize the HCP Handbook, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

13. The allegations in Paragraph 13 purport to characterize the HCP Handbook, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

14. The allegations in Paragraph 14 purport to characterize the HCP Handbook and the ESA, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning and context.

15. The allegations in Paragraph 15 purport to characterize the HCP Handbook and the ESA, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning and context.

16. The allegations in Paragraph 16 purport to characterize the HCP Handbook and the National Environmental Policy Act ("NEPA"), which speak for themselves and provide the best

evidence of their contents.  Defendants deny any allegation contrary to their plain language, meaning and context.

17. The allegations in Paragraph 17 purport to characterize guidance from the Council on Environmental Quality ("CEQ") and Interior, which speak for themselves and provide the best evidence of their contents.  Defendants deny any allegation contrary to their plain language, meaning and context.

18. The allegations in the first, second, and third sentences in Paragraph 18 purport to characterize the HCP Handbook and the ESA, which speak for themselves and provide the best evidence of their contents.  Defendants deny any allegation contrary to their plain language, meaning and context.  Responding to the allegations in the fourth sentence of Paragraph 18, Defendants admit that FWS has not issued a Finding of No Significant Impact in connection with Plaintiff's application package for an incidental take permit and deny the remaining allegations.

19. The allegations in Paragraph 19 purport to characterize the HCP Handbook and the ESA, which speak for themselves and provide the best evidence of their contents.  Defendants deny any allegation contrary to their plain language, meaning and context.

20. The allegations in Paragraph 20 purport to characterize the HCP Handbook, which speaks for itself and provides the best evidence of its contents.  Defendants deny any allegation contrary to its plain language, meaning, and context.

21. The allegations in Paragraph 21 purport to characterize the HCP Handbook, which speaks for itself and provides the best evidence of its contents.  Defendants deny any allegation contrary to its plain language, meaning, and context.

22. The allegations in Paragraph 22 purport to characterize the HCP Handbook, which speaks for itself and provides the best evidence of its contents.  Defendants deny any allegation

contrary to its plain language, meaning, and context.

## OPERATIVE FACTS

23. Defendants admit the allegations in the first sentence of Paragraph 23. Responding to the allegations in the second sentence of Paragraph 23, Defendants admit that Plaintiff submitted an application package for an incidental take permit pursuant to Section 10(a)(1)(B) of the ESA. The remaining allegations in the second sentence of Paragraph 23 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent a response is required, the remaining allegations in the second sentence of Paragraph 23 are denied.

24. The reference to "first draft" in Paragraph 24 is too vague and ambiguous to permit a response, and, on that basis, Defendants deny the allegations.

25. Defendants admit the allegations in the first sentence of Paragraph 25. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 25, and, on that basis, deny the allegations.

26. Responding to the allegations in the first sentence in Paragraph 26, Defendants admit that AWP has submitted revised drafts of a Habitat Conservation Plan ("HCP") to FWS for its review and comment. The remaining allegations in the first sentence in Paragraph 26 purport to characterize the HCP Handbook, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context. The reference to "different versions" in the second sentence in Paragraph 26 is too vague and ambiguous to permit a response, and, on that basis, Defendants deny the allegations.

27. Defendants deny the allegations in the first sentence of Paragraph 27. The references to "changes . . . previously agreed upon" and "foundational changes" in the second sentence in Paragraph 27 are too vague and ambiguous to permit a response, and, on that basis,

Defendants deny the allegations.

28. Responding to the allegations in the first sentence in Paragraph 28, Defendants aver that AWP submitted a draft HCP in March 2013. Responding to the allegations in the second sentence in Paragraph 28, Defendants admit that AWP submitted letters to FWS dated August 27, 2015; September 24, 2015; and October 13, 2015. The remaining allegations in the second sentence in Paragraph 28 purport to characterize AWP's letters, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning and context. The allegations in the third sentence in Paragraph 28 purport to characterize FWS's response, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context. Responding to the allegations in the fourth sentence in Paragraph 28, Defendants aver that FWS provided technical assistance and comments regarding AWP's draft HCP in March and April of 2016.

29. Defendants admit the allegations in the first sentence in Paragraph 29. The allegations in the second sentence in Paragraph 29 purport to characterize FWS's response, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

30. Responding to the allegations in the first sentence in Paragraph 30, Defendants aver that AWP submitted an ITP application form on November 29, 2017 and submitted a revised draft of the HCP on December 28, 2017. The allegations in the second sentence in Paragraph 30 purport to characterize AWP's application package, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

31. Responding to the allegations in the first sentence in Paragraph 31, Defendants aver

that Plaintiff submitted ITP application materials in late 2017, and the remaining allegations in the first sentence in Paragraph 31 are vague and ambiguous as to the relevant time period, and, on that basis, Defendants deny the allegations. The allegations in the second sentence in Paragraph 31 purport to characterize AWP's requests, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning and context. The allegations in the third sentence in Paragraph 31 are vague and ambiguous as to the relevant time period, and, on that basis, Defendants deny the allegations.

32. Responding to the allegations in the first sentence of Paragraph 32, Defendants admit that AWP asked FWS's Regional Office to intervene, and Defendants deny the remaining allegations in the first sentence of Paragraph 32. The allegations in the second sentence in Paragraph 32 purport to characterize the Regional Office's response, which speaks for itself and provides the best evidence of its contents.

33. Responding to the allegations in the first sentence in Paragraph 33, Defendants aver that there was no written correspondence between FWS and AWP between April to September of 2018. The allegations in the second sentence in Paragraph 33 purport to characterize FWS's response, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

34. Responding to the allegations in the first sentence in Paragraph 34, Defendants aver that FWS provided written comments to AWP's draft HCP on May 16, 2019. The allegations in the second and third sentences in Paragraph 34 purport to characterize FWS's comments, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning and context. Defendants deny the allegations in the fourth sentence in Paragraph 34.

35.     The allegations in Paragraph 35 purport to characterize FWS's comments, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning and context.

36.     The reference to "different versions" in the first sentence in Paragraph 36 is too vague and ambiguous to permit a response, and, on that basis, Defendants deny the allegations. Responding to the allegations in the second sentence of Paragraph 36, Defendants aver that the July 24, 2020, version of the HCP was provided to certain individuals at the FWS's Regional Office and Interior's Office of the Solicitor for additional assistance with the review. Further, the reference to "ready to submit" in the second sentence in Paragraph 36 is too vague and ambiguous to permit a response, and, on that basis, Defendants deny the allegations. Defendants admit the allegations in the third sentence in Paragraph 36. The reference to "official review" in the fourth sentence in Paragraph 36 is too vague and ambiguous to permit a response, and, on that basis, Defendants deny the allegations.

37.     Responding to the allegations in the first sentence in Paragraph 37, Defendants aver that FWS provided a proposed timeline on August 4, 2020. The allegations in the second sentence of Paragraph 37 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent a response is required, the allegations in the second sentence of Paragraph 37 are denied. Responding to the allegations in the third sentence in Paragraph 37, Defendants aver that FWS proposed a timeline for its review of AWP's application package that was contingent on the timely completion of certain actions by AWP.

38.     The allegations in Paragraph 38 constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 38 are denied.

39.     The allegations in the first sentence of Paragraph 39 purport to characterize the

HCP Handbook, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context. The remaining allegations in Paragraph 39 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent a response is required, the remaining allegations in Paragraph 39 are denied.

40. The allegations in the first and second sentences in Paragraph 40 purport to characterize guidance from CEQ and Interior, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning and context. The allegations in the third and fourth sentences of Paragraph 40 constitute legal conclusions and Plaintiff's characterization of its case, to which no response is required. To the extent a response is required, the allegations in the third and fourth sentences of Paragraph 40 are denied. Responding to the allegations in the fifth sentence of Paragraph 40, Defendants admit that FWS has not issued an environmental assessment or a biological opinion in connection with Plaintiff's application package for an incidental take permit. The remaining allegations in the fifth sentence of Paragraph 40 constitute Plaintiff's characterization of its case, to which no response is required. To the extent a response is required, the remaining allegations in the fifth sentence of Paragraph 40 are denied.

41. The allegations in Paragraph 41 constitute Plaintiff's characterization of its case, to which no response is required. To the extent a response is required, the allegations in Paragraph 41 are denied.

42. The allegations in the first sentence in Paragraph 42 purport to characterize FWS's October 17, 2022, response to Plaintiff, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

The allegations in the second sentence of Paragraph 42 constitute Plaintiff's characterization of its case, to which no response is required. To the extent a response is required, the allegations in the second sentence of Paragraph 42 are denied.

43. The allegations in Paragraph 43 purport to characterize FWS's October 17, 2022, response to Plaintiff, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context. The allegations in Paragraph 43 also constitute Plaintiff's characterization of its case, to which no response is required. To the extent that a response is required, the allegations in Paragraph 43 are denied.

## COUNT I

44. The allegations in Paragraph 44 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

45. The allegations in Paragraph 45 constitute Plaintiff's characterization of its case, as well as legal conclusions, to which no response is required. To the extent that a response is required, the allegations in Paragraph 45 are denied.

46. The allegations in Paragraph 46 purport to characterize FWS's October 17, 2022 response to Plaintiff, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context. The allegations in the second sentence of Paragraph 46 constitute Plaintiff's characterization of its case, to which no response is required. To the extent that a response is required, the allegations in the second sentence of Paragraph 46 are denied.

47. The allegations in Paragraph 47 constitute Plaintiff's characterization of its case, to

which no response is required. To the extent that a response is required, the allegations in Paragraph 47 are denied.

48. The allegations in Paragraph 48 constitute Plaintiff's characterization of its case, as well as legal conclusions, to which no response is required. To the extent that a response is required, the allegations in Paragraph 48 are denied.

## REQUEST FOR RELIEF

The remaining allegations in the Second Supplemental Complaint constitute Plaintiff's requests for relief to which no further response is required. Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of the Second Supplemental Complaint not otherwise expressly admitted, qualified, or denied herein.

## AFFIRMATIVE DEFENSES

1. To the extent that Plaintiff has failed to state a claim on which relief can be granted, any such claims should be dismissed.

2. To the extent that the Court lacks jurisdiction over some or all of Plaintiff's claims, any such claims should be dismissed.

WHEREFORE, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever, and thus request that the Second Supplemental Complaint be dismissed with prejudice, that judgment be entered for Defendants.

Dated:  January 20, 2023                     Respectfully submitted,

                                             WILLIAM J. IHLENFELD, II
                                             United States Attorney

                                             */s/ Maximillian F. Nogay*
                                             MAXIMILLIAN F. NOGAY

Assistant United States Attorney
(WV Bar No. 13445)
United States Attorney's Office
1125 Chapline Street, Suite 3000
P.O. Box 591
Wheeling, WV 26003
Tel: (304) 234-0100
E-mail: max.nogay@usdoj.gov

ERIN K. REISENWEBER
Assistant United States Attorney
(WV Bar No. 9537)
United States Attorney's Office
217 West King Street, Suite 400
Martinsburg, WV 25401
Tel: (304) 262-0590
E-mail: erin.reisenweber@usdoj.gov


TODD KIM
Assistant Attorney General
S. JAY GOVINDAN
Section Chief
BRIDGET KENNEDY MCNEIL
Assistant Section Chief

*/s/ H. Hubert Yang*
H. HUBERT YANG
Senior Trial Attorney (WV Bar No. 8953
(inactive); DC Bar No. 491308)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0209
E-mail: hubert.yang@usdoj.gov

*Attorneys for Defendants*

12

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, I electronically filed the foregoing Defendants' Answer To Plaintiff's Second Supplemental Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

<u>*/s/ Maximillian F. Nogay*</u>
MAXIMILLIAN F. NOGAY
Assistant United States Attorney
(WV Bar No. 13445)
United States Attorney's Office
1125 Chapline Street, Suite 3000
P.O. Box 591
Wheeling, WV 26003
Tel: (304) 234-0100
E-mail: max.nogay@usdoj.gov

*Attorney for Defendants*